**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

vs. No. CR 08-0802 JB

JUAN CECILIO ROBLES-GUTIERREZ,

Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum in Support of Reasonable Sentence, filed October 7, 2008 (Doc. 18)("Sentencing Memo."). The Court held a sentencing hearing on November 3, 2008. The primary issue is whether the Court should vary from Defendant Robles-Gutierrez' advisory guideline sentencing range of 30-37 months to a sentencing range of 18-24 months. Because Robles-Gutierrez' prior criminal history contains some serious crimes, including one with violence, the Court will deny Robles-Gutierrez' request for a variance and sentence him instead to the low end of the applicable range, or 30 months.

**FACTUAL BACKGROUND**

Robles-Guiterrez was born in Cuauhtemoc, Chihuahua, Mexico. See Pre-Sentence Investigation Report ("PSR") ¶ 34, at 11 (disclosed June 6, 2008). His mother and siblings currently live in Mexico. See id. His wife and two children live in the United States. See id. ¶ 37, at 12.

Robles-Gutierrez has not had contact with the federal criminal-justice system before this case. See Sentencing Memo. ¶ 7, at 4. He has not heretofore been charged with an immigration crime. The only consequence that he has suffered from being in the United States illegally before

the current offense is deportation. He has been deported at least once, on July 21, 2001.

While it is true that Robles-Gutierrez has not had contact with the federal criminal-justice system before this case, this statement omits Robles-Gutierrez' state criminal convictions. See PSR ¶¶ 22-26, at 6-11. He was convicted of an aggravated felony – unauthorized use of a vehicle – and, on December 7, 2000, sentenced for six years, all suspended except for one year. See id. ¶ 23, at 6. Robles-Guiterrez has also been convicted of assault and battery with a dangerous weapon, two DUI's, and a possession of a controlled substance – cocaine. See id. ¶¶ 22-26, at 6-11. The sentences for these convictions consisted of ten-years on one count – assault and battery with a dangerous weapon – and one year for each of the others. See id. ¶¶ 22, at 6. All but one year was suspended, and Robles-Gutierrez served that one-year sentence concurrently with the sentence for unauthorized use of a vehicle. See id. ¶¶ 22-23, at 6. Thus, the longest sentence that Robles-Gutierrez has ever served before this case is one year. See id. ¶ 23, at 6 (unauthorized use of a vehicle).

No offense reports were received on the 2000 conviction for Assault and Battery with Dangerous Weapon. The facts regarding the unauthorized use of a vehicle are:

> On June 4, 2000, officers with the Altus, Oklahoma, Police Department responded to a hit and run incident at a residence. The owners of the residence stated that they were awakened by a loud crash in front of their home. The female owner looked out the window and saw a vehicle had crashed into her brother's vehicle, which had been parked on her property. She also saw a Spanish male exit the vehicle and said he told her not to call the police, as he would pay for the damages. She said she noticed the man seemed intoxicated and advised that he left the area on foot. Officers observed that the vehicle that had been driven by the Spanish male appeared to have been driven at a high rate and the force of the crash caused the struck vehicle to hit the corner of the home, causing damage to both vehicles and the home. The home owners later identified the defendant as the driver of the vehicle, and he was subsequently arrested. Furthermore, the owner of the vehicle the defendant was driving had not given the defendant permission to use the vehicle.

Id. ¶ 23, at 7. On the 2003 DUI, the breath-alcohol test yielded a .22% BAC result, and the police

also found marijuana inside his wallet. See id. ¶ 24, at 7. He had no driver's license and would not comply with a field sobriety test. See id. The other DUI also occurred in 2003, and the drug charge occurred in 2004. See id. ¶¶ 25, 26, at 8. Robles-Gutierrez also has an arrest in 1997 for an open container violation and possession of a stolen motor vehicle, and another arrest in 1999 for driving while ability impaired and for driving without a valid license. See id. ¶¶ 30, 31, at 10.

Robles-Gutierrez' prior entanglements with immigration officials and with the criminal-justice system have not persuaded him to refrain from returning to the United States. His prior imprisonment was insufficient to deter him from returning to the United States. In violation of the laws of this country, Robles-Gutierrez disregarded his prior removal order and illegally re-entered the United States. Robles-Gutierrez' attorney responds that, although Robles-Gutierrez has been deported before this incident, it is not clear that, before the present charges, he fully understood that he would be incarcerated for being in the United States unlawfully. Before these charges, he had been deported, but not incarcerated.

**PROCEDURAL BACKGROUND**

The one-count information charged Robles-Gutierrez with a violation of 8 U.S.C. §§ 1326(a) and 1326(b), re-entry of a removed alien. The information stated that Robles-Gutierrez was found in Luna County, in the State and District of New Mexico, contrary to law in that he had been previously deported, excluded, and removed, and departed the United States, while an order of Exclusion, Deportation, and Removal was outstanding, and that Robles-Gutierrez had not obtained the express consent of the Secretary for Homeland Security to reapply for admission into the United States.

On April 21, 2008, Robles-Gutierrez entered a plea of guilty to the information before a United States Magistrate Judge without the benefit of a plea agreement. Robles-Gutierrez has

demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. A PSR was prepared. According to the PSR, after taking into consideration Robles-Gutierrez' plea and acceptance of responsibility, he has a total adjusted offense level of 13, a criminal history score of 11, and a criminal-history category of V. The resulting advisory guideline-sentence range is 30-37 months. See PSR ¶¶ 20, 29, at 5, 9. The PSR also indicated that he had pending charges for: (I) aggravated driving under the influence (felony); (ii) driving without a license; (iii) possession of a controlled substance (felony); and (iv) unlawful possession of drug paraphernalia. See id. ¶ 32, at 10-11.

On October 7, 2008, Robles-Gutierrez filed and otherwise submitted a sentencing memorandum requesting that the Court impose a reasonable sentence. Robles-Gutierrez does not contest the guideline calculations in the PSR. Robles-Gutierrez maintains, however, that it "appears" that a sentence of 18-24 months would be sufficient to impress upon him the seriousness of the offense of illegal re-entry, given that such a sentence would be longer than any prior sentence he has received for any other criminal activity in which he has participated. Sentencing Memo. ¶ 7, at 5. Such a variance would represent a 4-level reduction in his offense level as calculated by the PSR.

The United States objects to Robles-Gutierrez' request for a variance in his sentence from the advisory guideline range of 30-37 months to a sentence of 18-24 months. The United States asks the Court to treat Robles-Gutierrez like other illegal re-entry defendants who have been convicted of an aggravated felony and have been previously deported, and impose a sentence within the advisory guideline range of 30-37 months.

Robles-Gutierrez has already paid significantly for this entry. By the date of the sentencing, he had been incarcerated for more than 8 months.

**LAW REGARDING VARIANCES FROM ADVISORY GUIDELINE-SENTENCE RANGES**

In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court of the United States held that the sentences calculated pursuant to the United States Sentencing Guidelines are no longer mandatory. In its decision in United States v. Booker, the Supreme Court held that the sentence produced by the sentencing guidelines to be advisory and further held that the sentencing guidelines are to be one of various other important factors that the sentencing court must consider when imposing a sentence. The Supreme Court held that a sentence in federal criminal cases must now be imposed pursuant to 18 U.S.C. § 3553(a)(1). "Section 3553(a) remains in effect, and sets forth numerous factors that guide sentencing. Those factors in turn will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable." United States v. Booker, 543 U.S. at 261.

Although the Guidelines are no longer mandatory, both the Supreme Court and the United States Court of Appeals for the Tenth Circuit have clarified that, while the Guidelines are one of several factors enumerated in 18 U.S.C. § 3553(a), they are entitled to the Court's careful consideration. See Rita v. United States, 127 S. Ct. 2456, 2464 (2007)("The Guidelines as written reflect the fact that the Sentencing Commission examined tens of thousands of sentences and worked with the help of many others in the law enforcement community over a long period of time in an effort to fulfill [its] statutory mandate."); United States v. Cage, 451 F.3d 585, 593 (10th Cir. 2006)(describing the Guidelines as more than "just one factor among many"), overruled on other grounds by Gall v. United States, 128 S.Ct. 586 (2007). They are significant because "the Guidelines are an expression of popular political will about sentencing that is entitled to due consideration . . . [and] represent at this point eighteen years' worth of careful consideration of the proper sentence for federal offenses." United States v. Cage, 451 F.3d at 593 (internal quotations

omitted). A reasonable sentence is one that also "avoid[s] unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). See United States v. Booker, 543 U.S. at 261-62.

Section 3553(a)(1) mandates consideration of the nature and circumstances of the offense, and the defendant's history and characteristics. See 18 U.S.C. § 3553(a)(1). That section also directs the court to consider the need for the sentence imposed to reflect punishment, deterrence, and protection of the public, and the need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most effective manner. See 18 U.S.C. § 3553(a)(2). Further, the court is to consider the kinds of sentence available, see 18 U.S.C. § 3553(a)(3), and the kinds of sentence and the sentencing range established under the federal sentencing guidelines, see 18 U.S.C. § 3553(a)(4).

The sentencing court also must consider any pertinent policy statement issued under the sentencing guidelines. See 18 U.S.C. § 3553(a)(5). The court also must be cognizant of the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. See 18 U.S.C. § 3553(a)(6). Finally, the court must consider the need to provide restitution to any victims of offense. See 18 U.S.C. § 3553(a)(7).

Consideration of the factors in 18 U.S.C. § 3553(a) is mandatory in that it states that the court "shall consider" the factors therein. Under this scheme, the guideline sentence is advisory. The guideline range is one factor, however, that the court must consider in imposing sentence.

Courts have pointed out that some provisions of the guidelines – U.S.S.G. § 5H1.10, prohibiting consideration of race, sex, national origin, creed, religion, or socio-economic status; U.S.S.G. § 5H1.11, prohibiting consideration of military, civic, charitable, or public-service factors, employment-related contributions, or record of prior good works; and U.S.S.G. § 5H1.12,

prohibiting consideration of lack of guidance as a youth or similar circumstances – are contrary to the statutes's direction to consider the history and characteristics of the accused. See, e.g., United States v. Ranum, 353 F.Supp.2d 984, 987 (E.D. Wis. 2005)("Booker is not an invitation to do business as usual.")(finding that sentence of a year and a day, below the guideline range of 37-46 months, was warranted in white-collar fraud case); United States v. Meyers, 353 F.Supp.2d 1026, 1028, 1030-32 (S.D. Iowa 2005)("To treat the guidelines as presumptive is to . . . [make] the guidelines, in effect, still mandatory.")(stating that sentence of three-months probation imposed in sawed-off shotgun case with guideline range of 24-30 months conformed with the mandate of Booker v. United States). The statutory factors control, and override the advisory guideline sentence, because the Supreme Court has determined that mandatory guidelines would be unconstitutional. See Stinson v. United States, 508 U.S. 36, 38 (1993)("We decide that commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute. . . ."). Accordingly, the sentencing court must consider, but need not follow, the advisory guideline sentence. See Gall v. United States, 552 U.S. ___, 128 S.Ct. 586, 591 (2007)(deciding, among other things, that, even if a sentence constitutes a substantial variance from a calculated guideline sentence, extraordinary circumstances are not required, and stating that review of all sentences shall be under a "deferential abuse of discretion standard").

In arriving at a reasonable sentence for any defendant, the court must take guidance from the principle that the court must impose a sentence that is "sufficient but not greater than necessary" to achieve the four purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2): (I) punishment; (ii) deterrence; (iii) protection of the community; and (iv) rehabilitation.

**ANALYSIS**

To arrive at a reasonable sentence for Robles-Gutierrez, the Court will apply the analysis

developed after the Supreme Court decided United States v. Booker and Rita v. United States, 127 S.Ct. 2456 (2007). The Court has properly considered all of the factors in § 3553(a) and other factors relevant in imposition of a reasonable sentence. The Court also has carefully considered a sentence below the advisory guidelines to determine whether such a sentence would be sufficient, but not greater than necessary, to accomplish the sentencing goals of punishment, deterrence, protection of the public, and treatment. The Court believes the advisory guidelines sentencing range is reasonable and that a variance under § 3553(a) is not warranted. Given the information before the Court, the Court believes that a sentence of 30 months is proper and appropriate.

## I. THE PSR CORRECTLY ENHANCED ROBLES-GUTIERREZ' BASE OFFENSE LEVEL FOR 8 LEVELS FOR THE UNAUTHORIZED-USE-OF-A-VEHICLE CONVICTION.

The PSR enhanced Robles-Gutierrez' base offense level by 8 levels because of his conviction for the unauthorized use of a vehicle, an aggravated felony. See PSR ¶ 13, at 5. Robles-Gutierrez does not dispute that the enhancement is appropriate. He is essentially asking the Court to treat this aggravated felony as a felony, and only enhance the offense level by 4 levels. The Court notes that unauthorized use of a vehicle, as an aggravated felony, is punishable by a term of up to five-years imprisonment. Because of the seriousness of the incident, the Court does not believe such a variance is appropriate.

## II. NEITHER THE RECORD NOR ROBLES-GUTIERREZ DEMONSTRATE THAT A VARIANCE FROM THE APPLICABLE ADVISORY GUIDELINE SENTENCING RANGE IS WARRANTED.

While the Court is concerned that Robles-Gutierrez' prior encounters with the United States immigration system gave him the impression that the United States did not take seriously his illegal status in the United States, he knew that his return to the United States was illegal. Moreover, there are other factors that suggest a sentence longer than 18 months is necessary. In particular, the Court

is concerned that he will come back to the United States soon to visit his family and that he poses a threat to the safety of the community.

**A. THE NATURE AND CIRCUMSTANCES OF THE OFFENSE.**

Congress has demonstrated that it views the crime of illegal re-entry as serious, not merely regulatory, by imposing a penalty of up to twenty years in prison for those convicted of violating 18 U.S.C. § 1326(b)(2). Given this expression of public policy by the nation's political and representative branches, the Court is not free to treat the crime as less than a serious crime. The Court should be particularly reluctant to minimize the seriousness of the offense when the defendant presents such a lengthy and dangerous criminal history.

**B. ROBLES-GUTIERREZ' HISTORY AND CHARACTERISTICS.**

Robles-Gutierrez requests a variance on the grounds that it is not clear that, before the present charges, he understood that he would be incarcerated for being in the United States unlawfully. See Defendant's Sentencing Memorandum ¶ 7, at 5. While this is a concern, this factor does not override other factors, such as the extent of Robles-Gutierrez' criminal history. Unlike many illegal immigrants who may enter the United States unlawfully but who have never been deported, Robles-Gutierrez has a number of convictions, some for violent offenses. He knew that it was illegal to come to the United States, and he knew that the criminal-justice system in the United States used incarceration to punish violations of the law. The Court concludes that the United States' failure to incarcerate him for immigration violations and instead to deport him does not undercut the need to punish him sufficiently for the re-entry after committing an aggravated felony.

**C. THE NEED FOR THE SENTENCE IMPOSED TO PROMOTE RESPECT FOR THE LAW, TO PROVIDE JUST PUNISHMENT, TO PROVIDE ADEQUATE DETERRENCE, AND TO PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT.**

Robles-Gutierrez states that he now understands that he cannot return to the United States and that, if he returns, it is likely that he will receive a longer prison sentence. Robles-Gutierrez represents that he now understands that entry without authorization, even without any other criminal activity, is against the law and can result in a significant prison sentence. Robles-Gutierrez understands that the current case will result in a sentence of incarceration, will also result in a federal-felony conviction, and that, unless the current federal law changes, he will likely never be able to return to the United States legally.

The Court is not convinced that the likelihood is high that a sentence 18-24 months will be sufficient to achieve the required goals of sentencing in this matter. While there may be an intellectual understanding that he cannot legally return to the United States, that such an action is a crime, and will be punished as a crime, the Court is not convinced that a sentence of 18-24 months will be sufficient to meet the primary need in his situation, which is deterrence from returning to the United States illegally. Robles-Gutierrez is thirty-years old, and his family is unlikely to follow him to Mexico. Thus, there is a significant possibility that the presence of Robles-Gutierrez' family in the United States will present a significant temptation for him to return. The Court is not convinced that ten months more of incarceration, minus good time, will suffice to deter him from quickly returning to the United States. The Court believes that a sentence of 30 months would be "sufficient, but not greater than necessary" to attain the sentencing goals defined in § 3553(a)(2).

**D. THE NEED TO AVOID UNWARRANTED SENTENCING DISPARITES BETWEEN DEFENDANTS WHO HAVE COMMITTED SIMILAR CRIMES.**

Most defendants who are charged with illegally entering the United States after deportation

could make arguments similar to the ones that Robles-Gutierrez makes. If Robles-Gutierrez were entitled to a departure or variance from the advisory guidelines range based on the reasons that he has provided, more illegal re-entry defendants would qualify for a variance than those who would not. His request, if granted, would cut an 8-level enhancement lodged against many other illegal re-entry defendants in half. Neither the record nor Robles-Gutierrez has given the Court a sound reason for treating him differently from the other illegal re-entry defendants who receive this enhancement.

In conclusion, given Robles-Gutierrez' criminal history, and Congress' concern for such felons coming back to the United States, the Court should treat Robles-Gutierrez' crime as a serious violation of federal law. The Court is also concerned that the sentence must be severe enough to deter Robles-Gutierrez from quickly returning to the United States. The Court believes that the advisory guideline sentence well balances the § 3553(a) factors. Thus, a reasonable sentence is one that is within the advisory guidelines range.

**IT IS ORDERED** that the request for a variance from the Defendant's advisory guideline sentence in the Defendant's Sentencing Memorandum in Support of Reasonable Sentence is denied. Robles-Gutierrez is sentenced to a period of 30-months incarceration.

UNITED STATES DISTRICT JUDGE

Counsel:

Gregory J. Fouratt
United States Attoney
Mary Catherine McCulloch
Assistant United States Attorney
Albuquerque, New Mexico

Attorneys for the Plaintiff

Jean A. McCray
Albuquerque, New Mexico

Attorney for the Defendant